**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TV TOKYO CORPORATION,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" HERETO,<br><br>　　　Defendants. | **CASE NO.** 24-cv-4244<br><br>**Judge:** Honorable Matthew F. Kennelly |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO**
**DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)**

Defendants Joe & Joy (Guangzhou) Mother & Baby Products Ltd (Def #194) ("Joe & Joy") and Shenzhen Zhengxinyuan Industrial Co., Ltd (Def. #209) ("Zhengxinyuan") (collectively, "Defendants"), respectively files this reply to Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2).

## I. INTRODUCTION

*First*, Plaintiff misinterpreted Rule 12 by asserting that it imposes a 21-day restriction on the filing of a Rule 12(b) motion. [Dkt. No. 75, p.4, §IV.A]. The Seventh Circuit has clearly noted that Rule 12 "does not impose a 21-day restriction on the motion."

*Second*, Plaintiff also confused general jurisdiction with subject matter jurisdiction [Dkt. No. 75, p.4, §IV.B], and failed to substantiate any argument to establish general jurisdiction over Defendants, who are foreign entities without any contacts with the state of Illinois.

1

***Third***, Seventh Circuit has made it clear that "the maintenance of an interactive website, *without more*, is insufficient to vest a court with personal jurisdiction." Plaintiff has not shown evidence of transactions or shipments of accused products to Illinois. *See*, Dkt. No. 75-2, 75-3. This is consistent with Defendants' affidavits that they have never sold any accused products in Illinois. [Dkt. No. 71-1, 71-2].

Furthermore, the precedents relied upon by Plaintiff all involve defendants that engaged in substantial sales in Illinois — a fact distinctly different from the present case. Therefore, Defendants respectfully request that this Court dismiss the Complaint against them.

## II. ARGUMENTS

**A. Defendants' Rule 12(b) motion is procedurally valid as Rule 12 "does not impose a 21-day restriction on the motion"**

Plaintiff asserts that under Rule 12(a)(1)(A)(i), "Defendants had twenty-one (21) days, or until July 8, 2024, to file an answer or another responsive pleading." [Dkt. No. 75, p.4, §IV.A]. However, Plaintiff misinterpreted Federal Rule 12.

"The Seventh Circuit has explained that these provisions [Rule 12] 'do not on their face impose a 21-day rule on a motion presenting a defense of personal jurisdiction.'" *Mold-A-Rama Inc. v. Collector-Concierge-International*, 451 F. Supp. 3d 881, 884-885 (N.D. Ill. 2020) (quoting *Hedeen Int'l, LLC v. Zing Toys, Inc.*, 811 F.3d 904, 906 (7th Cir. 2016)). "They provide that a responsive pleading such as an answer must be filed within 21 days, but the defense can be asserted either in that responsive pleading or in a motion." *Id*. "Thus, although Rule 12(b) forecloses the filing of such a motion after a responsive pleading is filed, it does not impose a 21-day restriction on the motion." *Id*.

In the present case, Defendants have not yet filed any responsive pleadings prior to filing their Rule 12(b) motion [Dkt. No. 71]. Therefore, Defendants' motion is procedurally valid and should be considered on its substantive legal merits.

2

B.     **Plaintiff failed to make any valid argument to establish general jurisdiction**

Plaintiff erroneously conflates general jurisdiction with subject matter jurisdiction. [Dkt. No. 75, p.4, §IV.B].

While this Court possesses subject matter jurisdiction over the federal and related state claims under the Lanham Act and 28 U.S.C. §§ 1331, 1338(a)-(b), and 1367(a), these statutes pertain solely to the nature of the claims, not the geographic connection of the defendants.

General jurisdiction requires "continuous and systematic general business contacts" with the forum state, which is not established merely by the presence of related federal or state claims. As foreign entities lacking contacts with Illinois, Defendants are not subject to general jurisdiction in the state of Illinois.

C.     **Plaintiff also failed to establish specific jurisdiction over Defendants**

A line of Seventh Circuit cases all confirms that "the maintenance of an interactive website, *without more, is insufficient to vest a court with personal jurisdiction*." *Rubik's Brand, Ltd. v. P'ships & Unincorporated Ass'n Identified on Schedule A*, 2021 U.S. Dist. LEXIS 40755, *8-9 (N.D. Ill., Mar. 4, 2021) (citing *Illinois v. Hemi Group*, 622 F.3d 754, 758 (7th Cir. 2010); *Curry v. Rev. Labs., LLC*, 949 F.3d 385, 398 (7th Cir. 2020) ("Significant caution is certainly appropriate when assessing a defendant's online contacts with a forum to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state."); *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014) (declining to exercise personal jurisdiction because defendant seller had not targeted Indiana "beyond simply operating an interactive website accessible in the forum state and sending emails" to potential residents); *be2 LLC v. Ivanov*, 642 F.3d 555, 558-59 (7th Cir. 2011) ("Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way target the forum state's market."); *Mobile Anesthesiologists Chicago,*

3

*LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010) (a plaintiff cannot establish personal jurisdiction "simply by showing that the defendant maintained a website accessible to residents of the forum state and alleging that the defendant caused harm through that website")).

While "evidence of extensive sales through an interactive website may suffice to show that a defendant has targeted the jurisdiction at issue, as in *Curry*, where the defendant conceded that it had made sales to 767 customers through multiple interactive websites, … a 'miniscule' number of transactions won't do." *Rubik's Brand, Ltd.* 2021 U.S. Dist. LEXIS 40755, *8 (citing *Curry*, 949 F.3d at 400). In *be2 LLC*, "the Seventh Circuit found evidence that 20 Illinois residents had opened accounts on the defendant's interactive website to be inadequate given the miniscule number of customers and the absence of evidence of further interaction with them." *Id*. (citing *be2 LLC*, 642 F.3d at 559); *see also Matlin v. Spin Master Corp.*, 921 F.3d 701, 706 (7th Cir. 2019) ("the Seventh Circuit held that personal jurisdiction was lacking where a sale had been made, but it was "a single incident conjured up by the plaintiffs' attorney for the exclusive purpose of establishing jurisdiction over the defendants.")

1. There is no evidentiary dispute that Defendants did not sell any accused products in Illinois.

"When the district court holds an evidentiary hearing to determine jurisdiction, the plaintiff must establish jurisdiction by a preponderance of the evidence." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002); *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003).

"However, when the district court rules on a defendant's motion to dismiss based on the submission of written materials, without the benefit of an evidentiary hearing, as the district court did here, the plaintiff 'need only make out a prima facie case of personal jurisdiction.'" *Id*. (citing

4

*Hyatt*, 302 F.3d at 713; *Weidner Communications, Inc. v. H.R.H. Prince Bandar Al Faisal*, 859 F.2d 1302, 1306 n.7 (7th Cir. 1988); *Nelson v. Park Indus., Inc*., 717 F.2d 1120, 1123 (7th Cir. 1983) (stating that a court may receive and weigh affidavits to determine whether it has personal jurisdiction and that, during this preliminary proceeding, "the burden of proof is met by a prima facie showing that personal jurisdiction is conferred under the relevant jurisdictional statute").

"In evaluating whether the prima facie standard has been satisfied, the plaintiff 'is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record.'" *Id*.(citing *Nelson*, 717 F.2d at 1123; *RAR, Inc. v. Turner Diesel, Ltd*., 107 F.3d 1272, 1275 (7th Cir. 1997) (stating that the plaintiff "is entitled to have any conflicts in the affidavits resolved in its favor").

Further, "displaying products online that <u>are shippable to Illinois amounts to nothing more than maintaining an interactive website that is accessible in Illinois</u>." *Rubik's Brand, Ltd.* 2021 U.S. Dist. LEXIS 40755, *7 (citing *Advanced Tactical*, 751 F.3d at 803) ("Having an interactive website . . . should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible."). "That alone cannot confer personal jurisdiction." *Id*.

**<u>First</u>**, there is no evidentiary dispute in the present case. Defendants met their evidentiary burden by submitting affidavits affirming that no accused products were sold in Illinois. [Dkt. No. 71-1, ¶4, 71-2, ¶4]. Plaintiff's submissions, which demonstrate that the website is interactive and the products could be shipped to Illinois, offer no evidence of any actual transactions or accused products being shipped to Illinois by Defendants [Dkt. No. 75-2, 75-3]. Plaintiff's assertion that Defendants "attempted to sell" further highlights the absence of requisite jurisdictional contacts. [Dkt. No. 75, p.1].

**<u>Second</u>**, Plaintiff's claim that "Personal Jurisdiction is Proper Because Defendants Targeted and Reached Out To Do Business with Illinois Residents" [Dkt. No. 75, p.11-13, §IV.D] is

5

unsupported, as Plaintiff provided no evidence that Defendants specifically targeted Illinois. Although extensive sales through an interactive website might demonstrate jurisdictional targeting, as in *Curry*, the complete absence of sales in this case fails to establish any targeted interaction. Displaying products online that are shippable to Illinois cannot confer personal jurisdiction.

Therefore, the claim of targeting Illinois for business purposes is unfounded and cannot substantiate personal jurisdiction.

2. The facts in *Curry*, *Hemi*, *Mori Lee* are distinctively different from the preset case.

In *Curry*, the court noted that a substantial quantity of products was sold to 767 Illinois residents, establishing a clear and significant business presence that justified the exercise of personal jurisdiction. *Curry*, 949 F.3d at 399-400.

In *Hemi*, the court noted that the defendant sold 300 packs of cigarettes, a heavily regulated product, to an Illinois resident, along with its deliberate exclusion of doing business in New York, demonstrated a targeted business strategy towards other states including Illinois. This established sufficient targeted approach and sufficient contacts justifying the exercise of personal jurisdiction. *Hemi Group*, 622 F.3d at 757-59.

In *Mori Lee*, the defendant failed to submit any affidavits contesting the issue of personal jurisdiction for the court's consideration. *Mori Lee v. Lei Liu et al.*, No. 19-cv-07555 (N.D. Ill. May 14, 2020) (DK No. 42). As a result, the court was compelled to resolve the issue of personal jurisdiction in favor of the plaintiff, as per the procedural requirements when unchallenged evidence is presented. *Id*.

In contrast to the above cases, where the courts found sufficient grounds for personal jurisdiction due to defendants' substantial interactions with the forum state—including significant sales and targeted marketing activities—the present case lacks similar evidentiary support.

Defendants have explicitly denied selling any accused products in Illinois, as supported by unrefuted affidavits — Plaintiff did not provide any evidence to counter Defendants' affidavits or demonstrate any specific targeting of Illinois consumers.

Without evidence of any transactions or purposeful availment targeting Illinois, the requisite minimum contacts necessary to establish personal jurisdiction simply do not exist, and thereby compelling the conclusion that this Court lacks personal jurisdiction over Defendants.

### III. CONCLUSION

For the foregoing reasons, Joe & Joy and Zhengxinyuan respectfully request that this Court dismiss the Complaint against them.

Date: August 19, 2024
/s/ He Cheng
He Cheng,
Palmer Law Group, P.A.
5353 N. Federal Highway, Suite 402
Fort Lauderdale, FL 33065
www.palmerlawgroup.com
Tel: +1 (917) 525-1495